**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| LOREN SOLOMON, | ) | |
| | ) | |
| Plaintiff | ) | CASE NO: 1:12-CV-07940-CM-MHD |
| v. | ) | |
| | ) | DECLARATION OF CRAIG THOR |
| ALLIED INTERSTATE, LLC f/k/a ALLIED | ) | KIMMEL IN SUPPORT OF PLAINTIFF'S |
| INTERSTATE, INC., | ) | MOTION FOR ATTORNEYS' FEES AND |
| | ) | COSTS |
| Defendant | ) | |

CRAIG THOR KIMMEL declares as follows:

1.      I am counsel for Plaintiff, Loren Solomon, in the above-captioned action against. This Certification is submitted in support of Plaintiff's Motion for an Award of Attorney's Fees and Costs.

A.      <u>**QUALIFCATIONS OF COUNSEL**</u>

2.      I am the founding partner of the firm and in charge of the Fair Debt Collection Practices Act ("FDCPA") practice group.

3.      While my practice entails a variety of consumer related litigation, my primary focus for the last several years has been FDCPA and other "debt" related claims.

4.      Kimmel & Silverman, P.C. is a small practice with several offices but a main office located in Ambler, Pennsylvania. We are currently 15 attorneys in all.  I am one of two partners.

5.      The practice was opened in 1991 for the purpose of representing consumers, specifically in cases involving fee-shifting claims, allowing us to help our clients without direct charge to them.

**BAR ADMISSIONS**

6.      I have been admitted to practice law since 1989.  I have been admitted to practice before the Supreme Court of Pennsylvania since December 7, 1989; the Supreme Justice Court of Massachusetts since September 13, 2005; the State of New York Supreme Court since February 25, 1997; the United States District Court for the Eastern District of Pennsylvania since October 1, 1991; the United States District Court for the Western District of Pennsylvania since May 11, 2010; the United States District Court for the Middle District of Pennsylvania since October 1, 2006; the United States District Court for the District of Massachusetts since October 20, 2009; the United States District Court for the Southern District of New York since January 6, 2010; the United States District Court for the Western District of New York since January 21, 2010; the United States District Court for the Northern District of New York since March 22, 2010; the United States District Court for the Eastern District of Texas since May 18, 2010; the United States District Court for the District of Colorado since May 17, 2010; the United States District Court for the Northern District of Illinois since March 27, 2013; and the Northern District of Florida on April 9, 2013.

**MEMBERSHIPS**

7.      I am active in the Philadelphia Trial Lawyers Association, the Pennsylvania Bar Association and the New York Bar Association, and also a member in good standing of the American Bar Association.

**LEGISLATIVE CONTRIBUTIONS**

8.      Since 1997, I have served as legal consultant to the Pennsylvania House of Representatives, Consumer Affairs Committee, and have been credited with writing the first

Computer Lemon Law bill, which has served as a model not only for Pennsylvania, but for Illinois, Connecticut and California.

9.      I have also worked with the Commonwealth of Pennsylvania in writing the only two amendments to the Pennsylvania Lemon Law: inclusion of leased vehicles and notice provisions involving reacquired vehicle sales.

**EXPERIENCE**

10.      Since 1989, I have personally represented many thousands of consumers in all aspects of litigations including numerous jury trials and arbitrations as well as class actions.

11.      I have also briefed and argued cases before the United States Court of Appeals for the Third Circuit in mattes of national impact, specifically relating to 16 CFR 703 and the American Arbitration Act of 1929.

12.      Prior to forming Kimmel & Silverman P.C. in 1991, I was a solo practioner at the Law Offices of Craig Thor Kimmel from January 1990 through October 1991.

13.      Prior to that I was an associate at Rush & Seiken from August 1989 to June 1990 and with Mannoth & Lewinter from June 1990 to June 1991.

**QUOTED/FEATURED/CONTRIBUTED**

14.      I have been interviewed more than 200 times for newspapers, magazines, television and radio, as well as being regularly featured as consumer correspondence on various programs and talk shows. I have been quoted as authority on consumer law issues in at least one book, titled "Guide to Windows Me" p. 80, Levin, R,; Dorling Kindersley Publishing (2001).

**CLE PRESENTATIONS**

15.     I have presented Continuing Legal Education seminars for the Pennsylvania Bar Association and have spoken for and on behalf of professional organizations across the country more times than I can recall.

**EDUCATION**

16.     My Bachelor of Arts was earned from Ursinus College, Collegeville, Pennsylvania in 1986.

17.     My Doctorate was conferred by Widener University School of Law in Wilmington, Delaware in 1989.

**B.     FEE ARRANGEMENT AND SETTLEMENT**

18.     My fee arrangement with Plaintiff is a hybrid, both a contingency fee and a fee-shift in that my client does not pay me and I am compensated by Defendant by statutory mandate, but only if my client is successful in bringing her claim.

19.     Filed at Docket Entry 12 is a true and correct copy of Defendant Allied Interstate, Inc.'s Offer of Judgment pursuant to F.R.C.P. 68, and Plaintiff's acceptance of same.

20.     Attached as Exhibit "A" is an itemized listing of the hours expended in prosecuting this case, as well time spent by others, both attorneys and staff, at my firm. The costs incurred are also listed.

**C.     MARKET RATE**

21.     My hourly billable rate is $425.00 for consumer claims generally, which includes FDCPA litigation.  However, for this matter I voluntarily reduced my rate to $300.00 per hour.

That is a fair, reasonable, market rate for an attorney of similar credentials and experience in consumer credit matters in this District.

22.    My rates are lower than prevailing rates in the New York metropolitan area for attorneys with comparable skill, experience and background.

23.    Further, these fees are consistent with those awarded to me in approved class action settlements of the court in PA and NJ (by PHV) in various cases involving General Motors, Nissan, Maytag and others.

24.    I have litigated thousands of claims, mostly individual claims arising under consumer protection statutes, including the FDCPA.

25.    Mr. Ryan is a paralegal in my office.  His primary tasks involve the gathering of information at the outset of a case and coordination of settlements at the end of a case.  Mr. Ryan holds an Associates Degree from Lansdale School of Business. Mr. Ryan's billing rate is $155.00 per hour.  However, for this matter I reduced his rate to $100.00 per hour, which I believe is comparable to the rate charged by other paralegals of similar training, skill and expertise.  He has been a paralegal working for my practice group for approximately 5 years and has been with my firm for approximately 10 years.

26.    Mr. Keltz is a paralegal in my office, whose current billing rate is $80.00 per hour, which I believe is comparable to the rate charged by other paralegals of similar training, skill and expertise. Mr.  Keltz holds a Bachelors Degree in Business Management from Pennsylvania State University.  Mr. Keltz's primary tasks include working with clients to assist in gathering information and obtain documents, and also does a substantial amount of filing with the Court. He is also charged with arranging for service of complaints, preparing routine motions for

attorney review; coordinating with opposing counsel for scheduling; and relaying information to my attorneys as needed. Mr. Keltz's hourly rate is $80.00.

27.     Lara Dellegrotti was a law clerk with my law firm for the summer of 2012. She is a third year law student at Drexel University School of Law.

**D.     HOURS SPENT**

28.     My firm uses an advanced electronic timekeeping system (Amicus Attorney) that records and tracks file time expended contemporaneous with events. The policy and practice of the firm and its members is to record time contemporaneously, on a daily basis, without fail.

29.     My total time expended in this matter is 3.4 hours. An additional 1.1 hours was expended but is reflected on the invoice as not being billed as it was removed from the final bill utilizing billing judgment as it was deemed non-billable. The total amount I billed to this matter is $1,020.00. *See* Exhibit "A".

30.     The time prosecuting this matter was reasonable and necessary, in my professional opinion and experience. I do not see how less time could have been expended with the same quality of work product even accounting for efficiencies realized from experience in consumer litigation matters.

**D.     COSTS EXPENDED**

31.     The costs expended, $615, were modest and necessarily incurred to prosecute the case. These costs are set forth accurately in my firm's timesheets, Exhibit "A" and include the filing fee for the Complaint, a fee set by the Court, a PHV fee, and a service fee.

32.     These costs were actually, reasonably, and necessarily incurred.

I declare under penalty of perjury under the laws of the United States and the State of New York that the foregoing is true and correct.

Executed on May 15, 2013 in Ambler, Pennsylvania.

By: /s/ Craig Thor Kimmel
Craig Thor Kimmel
Kimmel & Silverman, P.C.
1001 6th Avenue, Suite 12
New York, NY 10018
Phone: (800) 668-3247
Fax: (800) 863-1689
Email: kimmel@creditlaw.com