UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

LOREN SOLOMON

        Plaintiff,

  -against-                                     12 Civ. 7940 (CM)

ALLIED INTERSTATE, LLC, f/k/a ALLIED
INTERSTATE, INC.,

        Defendant.
---------------------------------------------------------------x

## DECISION AND ORDER

McMahon, J.

### Introduction

Plaintiff Loren Solomon sued Allied Interstate, LLC under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Defendant made an offer of judgment which provided that it would allow a $1,000.00 judgment to be entered against it along with "reasonable costs and attorneys' fees." Plaintiff now seeks $3,353.00 in attorneys' fees and $615.00 in costs incurred by the law firm Kimmel & Silverman, P.C. For the reasons set forth below, Plaintiff's motion is granted, but only in the amount of $1,540.00.

### Background

Plaintiff sought legal representation with Kimmel & Silverman in or around March 2012 to deal with the Defendant's harassing debt collection methods. Plaintiff then filed the present lawsuit on October 24, 2012 alleging violations FDCPA. On April 17, 2003, Defendant made an Offer of Judgment pursuant to Fed. R. Civ. Pro. 68. Plaintiff filed his acceptance on May 1, 2013. The offer of judgment provides: "Defendant will allow judgment to be entered against it in

1

the amount of One Thousand Dollars ($1,000.00), plus reasonable costs and attorneys' fees as recoverable by law and allowed by the Court."

Plaintiff seeks to recover the following amounts for the five attorneys, and four non-lawyer personnel: $1020.00 for Mr. Kimmel, a partner ($300 per hour for 3.4 hours); $360.00 for Ms. Bennecoff, a senior attorney, ($225.00 per hour for 1.6 hours); $855.00 for Ms. Patterson, a senior attorney ($225.00 per hour for 3.8 hours); $262.50 for Mr. Gentilcore, an associate ($175.00 per hour for 1.5 hours); $157.50 for Ms. Pontious ($175.00 for 0.9 hours); and $698.00 for 7 hours of services by four non-attorneys. Plaintiff also seeks $350.00 for filing the complaint, $65.00 for the process server, and a $200.00 pro hac vice filing fee.

## Discussion

Defendant does not dispute that it owes reasonable attorneys' fees and costs in this matter. What is in dispute is whether the amounts sought by the Plaintiff are reasonable.

The Second Circuit has held that a "reasonable fee" is based on a "reasonable hourly rate" which is "the rate a paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182 (2d Cir. 2007). "The court 'should . . . bear in mind that a *reasonable*, paying client wishes to spend the minimum necessary to litigate the case effectively.'" *Reith v. Allied Interstate, LLC.*, No. 12 Civ. 4278(PKC), 2012 WL 5458007, at * (S.D.N.Y. Nov. 8, 2012) (quoting *Arbor Hill*, 522 F.3d at 190) (omission in original) (emphasis added).

"Plaintiffs cannot recover for time spent by attorneys completing administrative tasks." *Ryan v. Allied Interstate, Inc.*, 882 F.Supp.2d 628 (S.D.N.Y. 2012). "A court may make [across-the-board percentage] reductions when attorneys engage in less skilled work, like filing and other

2

administrative tasks [such as] . . . faxing and mailing documents, making copies, filing, scanning, preparing documents for electronic filing, electronic file management, binding documents, and Bates stamping." *Id.* (quoting *E.S. v. Katonah–Lewisboro Sch. Dist.*, 796 F.Supp.2d 421, 431–32 (S.D.N.Y.2011) *aff'd*, 487 Fed.Appx. 619 (2d Cir. 2012)) (alteration in original). Additionally, "excessive internal emails" has been grounds to reduce attorneys' fees. *Id.* at 637.

"The case law also makes clear that the Court may reduce the fees requested for billing entries that are vague and do not sufficiently demonstrate what counsel did" or where the time spent is excessive. *Id.* at 636; *Carrasco v. W. Vill. Ritz Corp.*, 11 Civ. 7843, 2012 WL 2814112 at *7 (S.D.N.Y. July 11, 2012). Courts have also reduced attorneys' fees for "work that should have been done by lower-billing lawyers." *Ryan*, 882 F.Supp.2d at 637.

The Kimmel firm has been the subject of quite a few decisions on the reasonableness of its attorneys' fees in this District and elsewhere. Some "Prior cases in this District have approved fees of $200–$300 per hour in FDCPA cases, and prior decisions about Kimmel have . . . awarded rates of $290–$325 to Kimmel (and $200 to $250 to Bennecoff)."*Id. at* 635. However, in a recent case involving the same law firm and the same defendant, my colleague Judge Griesa concluded that Mr. Kimmel, should be compensated at a rate of $200 an hour; Ms. Bennecoff, as a senior associate, at $150 an hour; a junior associate at the rate $100 an hour; and paralegals at a rate of $50 an hour. *Muise*, 2012 WL 4044699, at *1. In *Muise*, Judge Griesa based those rates on the fact that "The case presented no challenging legal issues and required relatively little expenditure of effort." *Id.*

I conclude that this entire routine FDCPA case could have been prosecuted by an associate, at a rate of $125 per hour, in about half the time that it took five attorneys and four

3

paralegals to handle the case. Rather than billing for a multitude of e-mails among the nine individuals who worked on the case, a single associate could have handled the matter in about nine hours. The $125 per hour rate reflects of the average of the rates found by Judge Griesa in *Muise*. *See Muise*, 2012 WL 4044699, at *1 ("These rates are more than adequate to ensure that firms like Kimmel and Silverman, P.C., will continue to bring meritorious FDCPA cases."). Further, no reasonable client would pay nearly $4,000 to collect only $1,000. Therefore, I award Plaintiff attorneys' fees in the amount of $1,125.00.

Additionally, Plaintiff is awarded costs of $415.00. Plaintiffs may not, however, recover the pro hac vice filing fee, as other courts have noted that "the hypothetical reasonable client who wishes to spend the least amount necessary to litigate the matter, with [her] own pocketbook in mind, instead of [her] opponents, would have retained local counsel." *Imbeault v. Rick's Cabaret Int'l Inc.*, No. 08 Civ. 5458(GEL), 2009 WL 2482134, at *8 (S.D.N.Y. Aug. 13, 2009) (alteration in original, internal quotation marks omitted); *see also Goser v. Allied Interstate, Inc.*, No. 12 Civ. 9374, 2013 WL 2181760 (S.D.N.Y. May 17, 2013) ("[T]here is no evidence that qualified counsel in New York was unavailable to litigate such a case.").

## Conclusion

Plaintiff's motion for attorneys' fees and costs is granted to the extent outlined above. Plaintiff is awarded $1,125.00 in attorneys' fees and $415.00 in costs.

Dated: October 7, 2013

*[signature]*

U.S.D.J.

[BY ECF TO ALL PARTIES]